**Betty COOPER Plaintiff–Appellant,**

v.

**N.Y.S. DEPARTMENT OF MENTAL HEALTH, N.Y.S. Psychiatric Institute, Ann Muzicka, Personnel, Director, Steve Papp, Deputy Director, Defendants–Appellees.**

No. 02–9265.

United States Court of Appeals, Second Circuit.

May 30, 2003.

Betty Cooper, pro se, Jamaica, N.Y., for Appellant.

Charles F. Sanders, Department of Law, State of New York, New York, N.Y., for Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, Circuit Judge, and Hon. EDWARD R. KORMAN, District Judge.[1]

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of May, Two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Betty Cooper, *pro se*, appeals from the October 4, 2002 judgment of the United States District Court for the Southern District of New York, (Allen G. Schwartz, *Judge*) granting the defendants' motion for summary judgment, and dismissing her action filed pursuant to 42 U.S.C. §§ 1981, 1983 and 2000d alleging wrongful deprivation of the right to participate in a state Early Retirement Incentive Program ("ERIP") and for discrimination.

On appeal, Cooper argues primarily that the district court erred because the defendants could have found a replacement for her and she had a property right in an early retirement guaranteed by Article 5, § 7 of the New York State Constitution. In addition, Cooper claims that (1) she was given erroneous information by the district court, (2) improper *ex parte* communications took place between the district court and the defendants; and (3) the district court improperly failed to suppress the record of her deposition. Cooper also complains that she had to leave her job as a result of retaliatory harassment for the present lawsuit.

We review a district court's grant of summary judgment *de novo*. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999).

■ We find that summary judgment was appropriate because Cooper's allegations do not raise an issue of fact regarding her eligibility for the ERIP. The ERIP was available to employees at the Office of Mental Health facility where Cooper worked only if there were appropriate transfer matches with employees in designated at-risk positions at facilities that were targeted for staffing reductions. We agree with the district court that the evidence presented by Cooper does not raise a genuine issue of material fact regarding the availability such transfer matches for Cooper's position.

Nor is there merit to the procedural issues Cooper raises. There is no evidence that the district court misled Cooper, communicated *ex parte* with the defendants, or was unable to understand the trial transcript.

■ We decline to consider Cooper's other arguments because they were not raised before the district court and "we generally do not consider arguments not

---

1. The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

raised below." *Caiola v. Citibank, N.A.,* 295 F.3d 312, 327 (2d Cir.2002).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.